**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

PAUL REIFFER,                                          **CASE NO.:  19-cv-00905**

              Plaintiff,

v.

KITCHEN GIZMO INC.,

              Defendant.

_____

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff PAUL REIFFER by and through his undersigned counsel, brings this Complaint

against Defendant KITCHEN GIZMO INC. for damages and injunctive relief, and in support

thereof states as follows:

**SUMMARY OF THE ACTION**

1.      Plaintiff PAUL REIFFER ("Reiffer"), brings this action for violations of

exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Reiffer's

original copyrighted works of authorship.

2.      Reiffer is a professional landscape, cityscape and commercial photographer

working worldwide.  He is a Fellow of the British Institute of Professional Photography, an

Associate of the Royal Photographic Society, winner of the UN International Year of Light

competition and the owner of the "world's most exclusive and remote gallery" in the Maldives,

which is only accessible by seaplane or speedboat.  Reiffer's images of cityscapes, extreme

locations, rooftops, heli-shoots, the arctic circle, and others are highly sought after, and he is

routinely commissioned for commercial work.  Reiffer's images are scarce as they are created

**SRIPLAW**
NEW YORK, NEW YORK

using a Phase One XV iO3/100 100 Megapixel Medium Format digital camera system valued at $60,000.

3.      Defendant KITCHEN GIZMO INC. ("Kitchen Gizmo") owns and opearates an online retail store that sells high-quality, innovative, practical and stylish kitchen tools through its website: www.kitchengizmousa.com (The "website").

4.      Reiffer alleges that Kitchen Gizmo copied Reiffer's copyrighted Work from the internet in order to advertise, market and promote its business activities.  Kitchen Gizmo committed the violations alleged in connection with Kitchen Gizmo's business for purposes of advertising and promoting sales to the public in the course and scope of Kitchen Gizmo's business.

## JURISDICTION AND VENUE

5.      This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7.      Defendant is subject to personal jurisdiction in New York.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

9.      Kitchen Gizmo Inc. is a New York corporation with its principal place of business at 1303 53rd Street Unit 222C, Brooklyn, NY 11219, and can be served at the same address.

**THE COPYRIGHTED WORK AT ISSUE**

10.      In 2014, Reiffer created a photograph entitled "New York City 2014," which is shown below and referred to herein as the "Work".

11.      Reiffer registered the Work with the Register of Copyrights on May 8, 2017 and was assigned the registration number VA 2-044-620.  The Certificate of Registration is attached hereto as Exhibit 1.



12.      At all relevant times Reiffer was the owner of the copyrighted Work at issue in this case.

**INFRINGEMENT BY DEFENDANT**

13.      Kitchen Gizmo has never been licensed to use the Work at issue in this action for any purpose.

14.     On or about December 16, 2014, the Work at issue in this action was created, but prior to the filing of this action, Kitchen Gizmo copied the Work.

15.     Kitchen Gizmo copied Reiffer's copyrighted Work without Reiffer's permission.

16.     After Kitchen Gizmo copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its loyalty program for their kitchen appliance business.

17.     Kitchen Gizmo copied and distributed Reiffer's copyrighted Work in connection with Kitchen Gizmo's business for purposes of advertising and promoting Kitchen Gizmo's business, and in the course and scope of advertising and selling products and services.

18.     Reiffer's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

19.     Kitchen Gizmo committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

20.     Reiffer never gave Kitchen Gizmo permission or authority to copy, distribute or display the Work at issue in this case.

21.     Reiffer notified Kitchen Gizmo of the allegations set forth herein on February 5, 2018 and July 24, 2018.  To date, the parties have failed to resolve this matter.

### COUNT I
### COPYRIGHT INFRINGEMENT

22.     Plaintiff incorporates the allegations of paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23.     Reiffer owns a valid copyright in the Work at issue in this case.

24.     Reiffer registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

25.     Kitchen Gizmo copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Reiffer's authorization in violation of 17 U.S.C. § 501.

26.     Kitchen Gizmoperformed the acts alleged in the course and scope of its business activities.

27.     Reiffer has been damaged.

28.     The harm caused to Reiffer has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against Defendant Kitchen Gizmo that:

a.     Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b.     Defendant be required to pay Plaintiff his actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c.     Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d.     Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

e.     Plaintiff be awarded prejudgment interest; and

f.     Plaintiff be awarded such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: February 14, 2019                    Respectfully submitted,


                                            */s/  Joseph A. Dunne*
                                            JOSEPH A. DUNNE (JD0674)
                                            joseph.dunne@sriplaw.com
                                            JOEL B. ROTHMAN (JR0352)
                                            joel.rothman@sriplaw.com
                                            JONAH A. GROSSBARDT (JG5854)
                                            jonah.grossbardt@sriplaw.com

                                            **SRIPLAW**
                                            125 Maiden Lane
                                            Suite 5C
                                            New York, NY  10038
                                            929.200.8446 – Telephone
                                            561.404.4353 – Facsimile

                                            *Attorney for Plaintiff Paul Reiffer*